UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN A. BULL,  )  <br> *Plaintiff*,  ) <br> ) <br> vs.  ) <br> ) <br> BOARD OF TRUSTEES OF BALL STATE  ) <br> UNIVERSITY, JO ANN M. GORA, THOMAS  ) <br> COLLINS, PATRICK A. QUINN,  ) <br> *Defendants*. | 1:10-cv-00878-JMS-TAB |

## **ORDER**

Presently before the Court is the Defendants' Partial Motion to Dismiss, [dkt. 67], which the Court **GRANTS** for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). For the purposes of that rule, the Court will ignore legally conclusory allegations.

1

*Id*. at 1945-50 ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal citation and quotation marks omitted)).  The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations.  *See id*.

## II.
### BACKGROUND

The factual allegations contained in Plaintiff Kathleen Bull's Complaint are as follows.  Ms. Bull began her employment with Ball State University ("BSU") as the head women's tennis coach in 1988.  [Dkt. 1 at 4.]  During her tenure as head coach, Ms. Bull had a successful and celebrated career.  [*Id*.]  She was also an outspoken and persistent advocate for gender equity in athletics under Title IX, regularly complaining to university officials and administrators about gender-related disparities in the treatment of student athletes and coaches.  [*Id*. at 5-6.]

In May 2006, after the dismissal of another women's head coach who advocated gender equity, BSU Associate Athletic Director Patrick Quinn told another BSU administrator that "Kathy better be careful or she will be next."  [*Id*. at 6.]  Ms. Bull immediately reported the comment to BSU Athletic Director Thomas Collins.  [*Id*. at 7.] No investigation or corrective action was taken.  [*Id*.]

In April 2008, the Office of Civil Rights opened a Title IX compliance investigation of BSU.  [*Id*.]  The next month, Ms. Bull received her first negative performance evaluation.  [*Id*.]  According to Ms. Bull, the evaluation "imposed new standards of job performance not applicable to other BSU coaches, and ... characterized Bull's gender equity advocacy amongst her BSU fellow coaches as 'negativity within the department.'"  [*Id*.]

In September 2009, Ms. Bull self-reported to Mr. Quinn a possible violation of NCAA rules arising from conducting a timed run for her team prior to the commencement of the 2009-10 season. [*Id*.]  Mr. Quinn, along with the NCAA Assistant Director of Enforcement, NCAA investigators and outside counsel, subsequently interviewed Ms. Bull and the women's tennis team members. [*Id*. at 7-8.]

On October 19, 2009, Mr. Quinn prepared and submitted a written self-report to the NCAA setting forth seven alleged violations related to the women's tennis program, including one which Mr. Quinn characterized as "ethical." [*Id*. at 8.]  The next day, Ms. Bull was informed "that she must immediately resign or be terminated." [*Id*.]  Mr. Collins instructed Ms. Bull to immediately vacate her office and return all university property, and BSU President Jo Ann Gora sent her a letter informing her that she was under an "immediate paid non-disciplinary suspension. [*Id*.]

Afterward, "BSU, through Collins and others" issued a press release and made statements in various media that Ms. Bull was "fired" for committing multiple and serious NCAA violations. [*Id*.]  Specifically, Mr. Collins told the Muncie Star Press on October 21, 2009, that "by 'firing' Ms. Bull 'we [BSU] moved in concert with the NCAA.'"" [*Id*.]  At this time, the NCAA Committee on Infractions had not yet ruled on the alleged violations in the women's tennis program. [*Id*.]  The next day, Mr. Collins submitted a letter to Dr. Gora entitled "Request to Initiate Formal Proceedings to Dismiss Professional Personnel Member During Term of Appointment," which at BSU constitutes a charge to commence formal termination proceedings before a hearing committee of faculty representatives. [*Id*. at 9.]  In the written "charge," Mr. Collins alleged that Ms. Bull "asked student-athletes to lie in an NCAA investigation." [*Id*.]  Mr. Collins disseminated the "charge" to Dr. Gora, the BSU Hearing Committee, among others. [*Id*.]

3

During the pendency of the formal termination proceedings and prior to any disposition by the BSU Hearing Committee, Mr. Collins told individuals attending an athletic department meeting that Ms. Bull was "terminated" for committing multiple "secondary NCAA violations." [*Id*.]  On January 11, 2010, the BSU Athletic Department announced that it had hired a new coach to replace Ms. Bull and told the BSU Daily News that Ms. Bull "was fired in October 2009, amidst six NCAA violations." [*Id*. at 9-10.]

On February 17, 2010, the BSU Hearing Committee Chair issued its finding and recommendation in support of termination of Ms. Bull. [*Id*. at 10.]  On March 5, 2010, Dr. Gora recommended that the Board of Trustees adopt the hearing committee's findings and recommendations, which they did on March 19, 2010. [*Id*.]  In a letter dated March 22, 2010, Dr. Gora informed Ms. Bull of the termination and discontinuation of health care coverage in accordance with the BSU Health Care Plan. [*Id*.]

## III.
### DISCUSSION

Ms. Bull has sued Dr. Gora, Mr. Collin, Mr. Quinn, and the Board of Trustees of BSU, alleging constitutional deprivations under the First and Fourteenth Amendment, gender discrimination and retaliation under Title IX, and state-law claims of defamation and breach of contract.  Defendants now seek partial dismissal of Ms. Bull's claims.  The Court will examine each in turn.

### A.  Section 1983 Claims

#### 1.  Official-Capacity § 1983 Claims Against Individually Named Defendants

Defendants characterize Ms. Bull's Complaint as encompassing § 1983 claims against Dr. Gora, Mr. Collins, and Mr. Quinn in both their official and individual capacities, [dkt. 58 at 5-6], and Ms. Bull does not dispute this characterization.  Dr. Gora, Mr. Collins, and Mr. Quinn

4

have moved to dismiss the official-capacity § 1983 claims against them, arguing that those claims are barred by the Eleventh Amendment. [*Id*. at 6.]

Section 1983 provides a cause of action against any "person" who under color of any statute, ordinance, regulation, custom, or usage of any state causes a deprivation of any rights, privileges, or immunities secured by the United States Constitution. 42 U.S.C. § 1983. Well-settled case law applying the Eleventh Amendment's recognition of sovereign immunity establishes that any § 1983 claims against Dr. Gora, Mr. Collins, and Mr. Quinn in their official capacities must be dismissed. An official-capacity claim against a government official is effectively a suit against the governmental entity employing the official. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). Here, any official-capacity suits against Dr. Gora, Mr. Collins and Mr. Quinn are effectively suits against BSU, and for purposes of § 1983, BSU is equivalent to the State of Indiana. *See Williamson v. Indiana University*, 345 F.3d 459, 464 (7th Cir. 2003) ("[S]tate universities are entities that are considered part of the state for § 1983 analysis."). As the United States Supreme Court has made clear, "neither a State not its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

While Ms. Bull is correct that official-capacity claims for injunctive relief are actionable in federal court, *id*, n. 10, that argument is unavailing with respect to her § 1983 claims. Her Complaint includes a request for reinstatement, [dkt. 1 at 17], but that prospective injunctive relief is applicable to her Title IX retaliatory discharge claims, not her § 1983 claims alleging violations of the First and Fourteenth Amendments. Therefore, any official-capacity § 1983 claims against Dr. Gora, Mr. Collins, and Mr. Quinn are dismissed.

### 2. Section 1983 Claims Against the Board of Trustees

The Board of Trustees also seeks to dismiss the § 1983 claims alleged against it. A suit against the Board of Trustees is effectively a suit against BSU, and as discussed above, BSU is not a "person" for the purposes of § 1983. *Will*, 491 U.S. at 71. *See also Swartz v. Scruton*, 964 F.2d 607, 608 (7th. Cir. 1992) (affirming the dismissal of official-capacity claims against BSU's President and Board of Trustees). Therefore, for the same reasons the official-capacity § 1983 against the individually named Defendants must be dismissed, so too must the § 1983 claims against the Board of Trustees. To the extent that Ms. Bull's Complaint can be read to include § 1983 claims against the Board of Trustees, those claims are dismissed.

### B. Title XI Claims Against the Individually Named Defendants

Title IX establishes a cause of action against educational programs or activities that receive federal financial assistance.[1] 20 U.S.C. § 1681(a). Defendants seek to dismiss the Title IX claims alleged against Dr. Gora, Mr. Collins, and Mr. Quinn, correctly pointing out that only the actual recipient of federal funds can be held liable under Title IX, not individual employees of the institution. [Dkt. 58 at 7.] *See Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 257 (2009) ("Title IX reaches institutions and programs that receive federal funds ... but it has consistently been interpreted as not authorizing suits against school officials, teachers, and other individuals") (internal citations omitted). In her response brief, Ms. Bull concedes that the only proper Defendant for her Title IX claim is the Board of Trustees. [Dkt. 80 at 1.] Accordingly, the Court dismisses the individual- and official-capacity Title IX claims against Dr. Gora, Mr. Collins, and Mr. Quinn.

---

[1] Defendants have correctly indicated that Counts I and IV of Ms. Bull's Complaint may be consolidated as they contain indistinguishable causes of action regarding gender equity.

### C. State-Law Claims

The Board of Trustees seeks to dismiss the state-law claims of defamation and breach of contract alleged against it, claiming Eleventh Amendment immunity to suit in federal court on those claims. [Dkt. 58 at 5.] Ms. Cora, Mr. Collins, and Mr. Quinn have also moved to dismiss the individual- and official-capacity breach of contract claims against them, as well as the official-capacity defamation claims.

#### 1. Official-Capacity Defamation and Breach of Contract Claims

As stated above, claims against the Board of Trustees and official-capacity claims against Dr. Gora, Mr. Collins, and Mr. Quinn are effectively suits against the State of Indiana. *Williamson*, 345 F.3d at 464. The Eleventh Amendment prohibits the Court from adjudicating state-law claims where, as here, the state agency objects. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("[28 U.S.C.] § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants."). Accordingly, the Court dismisses the state-law breach of contract and defamation claims against the Board of Trustees, as well as Dr. Gora, Mr. Collins, and Mr. Quinn in their official capacities.

#### 2. Individual-Capacity Breach of Contract Claims

Ms. Bull's Complaint does not specify which of her claims correspond to which of the Defendants. Throughout her Complaint, she refers to Dr. Gora, Mr. Quinn, Mr. Collins and the Board of Trustees collectively as "Defendants" and to either Ball State University or its Board of Trustees as "BSU." The paragraphs in her Complaint relevant to the breach of contract claim refer only to the entity "BSU," [dkt. 1 at 13 ¶¶ 43-45], and as Ms. Bull has clarified for the Court in her response brief, "BSU" refers to only the Board of Trustees in those instances, [dkt. 80 at 1]. Ms. Bull explains that "[her] complaint does not assert a breach of contract claim against the

7

individual Defendants," [*id*], and the Court accepts this explanation. *See Greenlaw v. United States*, 128 S. Ct. 2559, 2564 (2008) ("[W]e rely on the parties to frame the issues for decision and assign the courts the role of neutral arbiter of matters the parties present."). Therefore, to the extent that Ms. Bull's Complaint may be read to assert a claim of breach of contract against Dr. Gora, Mr. Collins, and Mr. Quinn in their individual capacities, those claims are dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss, [dkt. 67]. The remaining claims of Ms. Bull's Complaint are the Title IX retaliation claim (Counts I and IV) against the Board of Trustees of Ball State University, and the defamation and § 1983 claims (Counts II, V, and VI) against Dr. Jo Ann Gora, Mr. Thomas Collins, and Mr. Patrick Quinn in their individual capacities.

12/22/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Baine P. Kerr
HUTCHINSON BLACK and COOK, LLC.
kerr@hbcboulder.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Marissa W. Pollick
ATTORNEY AT LAW
mpollick@umich.edu

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com

James Russell Williams
DEFUR VORAN LLP
jwilliams@defur.com