UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHLEEN A. BULL,<br>*Plaintiff,*<br><br>*vs.*<br><br>BOARD OF TRUSTEES OF BALL STATE UNIVERSITY, JO ANN M. GORA, THOMAS COLLINS, PATRICK A. QUINN,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-00878-JMS-TAB |

**ORDER**

Presently pending before the Court is Defendants' Motion to Exclude Expert Testimony for Purposes of Summary Judgment (the "Motion"), [dkt. 85], which the Court **DENIES** for the reasons that follow.

**I.**
**BACKGROUND**

In October 2010, the parties jointly submitted a case management plan ("CMP"), [dkt. 23], in which they set out required pretrial preparation deadlines. Following an initial pretrial conference, the parties' CMP was approved by the magistrate judge. [Dkt. 30.] The CMP provides, in relevant part, that:

> F. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before August 12, 2011. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

[Dkt. 23 at 4.] The CMP further states that "[d]ispositive motions are expected and shall be filed by June 13, 2011." [*Id*. at 5.] Following a jointly proposed modification of the CMP, the parties' dispositive motions deadline was extended to September 9, 2011. [Dkt. 47 at 1.]

On September 8, 2011, the Defendants moved for summary judgment. [Dkt. 60.] A subsequent modification to the CMP extended Ms. Bull's response to extended to November 7, 2011. At no time did Ms. Bull seek an extension of the expert disclosure deadline.

On October 11, 2011, Ms. Bull served Defendant with her expert witness disclosures. [Dkt. 71.] On November 7, 2011, Ms. Bull filed a response brief to which she attached the affidavits of expert witnesses. [Dkt. 72.] Defendants now move to strike the expert testimony for purposes of summary judgment, [dkt. 85], claiming that Ms. Bull's October 11 disclosure violated the CMP deadline for expert testimony to be used at the summary judgment stage.

## II.
## DISCUSSION

When a party fails to disclose an expert on time, "the party is not allowed to use that…witness to supply evidence on a motion…, unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). If the required showing is not made, "the sanction of exclusion is thus automatic and mandatory." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (reversing exclusion of expert evidence where the late disclosure was "harmless").

### A. Substantial Justification

Ms. Bull contends that her counsel adhered to the later trial expert disclosure deadline, which was not tied to the summary judgment stage, not realizing that there was a separate expert disclosure deadline for dispositive motions. [Dkt. 91 at 4.] She faults the "stock language," used in the CMP for the confusion, specifically claiming that "[n]one of her counsel has had any experience with the application of this language" and that her "out of state counsel frankly failed to appreciate the possibility of dual expert disclosure deadlines," [dkt. 91 at 4.] She further

claims that, in light of the ongoing discovery past the date of the earlier disclosure deadline, her belated disclosure was "substantially justified." [*Id*. at 9.] The Court does not agree.

For the purposes of Rule 37(c)(1)'s "substantial justification" requirement, the inquiry focuses upon the actual ability to timely disclose or else upon whether the party had a legal basis to argue that disclosure was not actually required. *See, e.g., Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) ("Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."); *Silchia v. MCI Telecoms. Corp.*, 942 F. Supp. 1369, 1377 (D. Colo. 1996) (finding substantial justification where party was unaware of existence of evidence until after disclosure deadline). Ms. Bull can avail herself of neither justification.

Mere inadvertence of counsel does not substantially justify a missed deadline. *See Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D. Pa. 2002). Were the rule otherwise, parties would have no incentive to meet deadlines, and deadlines should be met. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines."). Because the language of the CMP plainly indicates two disclosure deadlines of which the first deadline is specifically related to summary judgment briefing, and because her counsel's inexperience or inadvertence does not excuse them from adhering to a CMP they jointly drafted and submitted, the Court finds that Ms. Bull was not substantially justified in missing the earlier disclosure deadline.

**B. Harmless Error**

Because Ms. Bull has not established substantial justification for missing the dispositive motions disclosure deadline, the Court must deny the belated disclosure and exclude his

testimony unless the delay has been harmless. Fed. R. Civ. Pro. 37(c)(1). Courts examine the potential prejudice of belated disclosure on a case-by-case basis. *See, e.g.*, *Maritime-Ontario Freight Lines, Ltd. v. STI Holdings, Inc.*, 481 F. Supp. 2d 963, 972 (W.D. Wis. 2007) (permitting plaintiff to belatedly disclose expert, after defendants had already disclosed one, because the delay was harmless).

"The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Thus, where the opposing party has had notice of an expert and at least some indication of what the expert will say, and where sufficient time remains for the opposing party to prepare its cross-examination of the expert, a belated disclosure is harmless for the purposes of Rule 37(c)(1). *Id.* With the exception of Donna Lopiano, Ms. Bull's witnesses were listed on her preliminary witness list in December 2010, thereby providing the Defendants with advance notice that Ms. Bull would use them. [Dkt. 31.] Ms. Bull also disclosed the experts in time for the Defendants to raise evidentiary objections in their summary judgment reply brief. In these circumstances, the belated disclosure is "harmless" and will be permitted, though not commended.

The Court recognizes the Defendants' concern that they were unable to address the expert evidence in their initial brief in support of summary judgment and in more thorough support of substantive objections to the testimony. However, as the Court has not yet ruled on the summary judgment motion, any potential harm is still curable at this stage. The Defendants will be allowed additional time in which to depose Ms. Bull's expert witnesses and raise any

substantive, evidentiary objections regarding the use of their affidavits at the summary judgment stage.

Fairness compels the immediate availability of Ms. Bull's expert witnesses for deposition. The Court notes that there has been some gamesmanship concerning scheduling of these depositions, and advises that it will strike, for the purposes of summary judgment, the testimony of any expert witness unavailable for deposition within the time allowed to the Defendants. In their supplemental summary judgment brief, Defendants should detail any substantive evidentiary objections to the use of Ms. Bull's expert witness affidavits at the summary judgment stage. Defendants' objections should refer to specific paragraphs within each affidavit.

The Court notes that Defendants have filed a substantive reply to Ms. Bull's response in which they address the expert testimony. The Court therefore does not envision that further briefing beyond substantive evidentiary objections should be necessary.

## III.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion, [dkt. 85]. Defendants have until **February 24, 2012,** to depose Plaintiff's expert witnesses and until **March 9, 2012,** to file a supplemental brief raising paragraph-specific, evidentiary objections. Plaintiff is ordered to make her experts available for deposition before February 24, 2012 at mutually convenient dates; the testimony of any expert unavailable for deposition before that time will be stricken. Thus it is the Court's intention that if mutual convenience is not achievable, Defendants' convenience shall take precedent. Any response by Ms. Bull to Defendants' objections must be filed by **March 16, 2012.** Defendants need not file a reply brief.

Should Defendants choose not to pursue the depositions of Plaintiff's experts, they shall file a notice with the Court by January 24, 2012.

01/10/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Baine P. Kerr
HUTCHINSON BLACK and COOK, LLC.
kerr@hbcboulder.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Marissa W. Pollick
ATTORNEY AT LAW
mpollick@umich.edu

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com

James Russell Williams
DEFUR VORAN LLP
jwilliams@defur.com